# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, §§§§ | CIVIL ACTION NO. 6:20-cv-189 |
| Plaintiff, §§ | **JURY TRIAL DEMANDED** |
| v. §§ | |
| Huawei Investment & Holding Co., Ltd., Huawei Technologies Co., Ltd., Huawei Technologies USA Inc., Huawei Device Co. Ltd. (f/k/a Huawei Device (Dongguan) Co.), Huawei Device (Shenzhen) Co., Ltd. (f/k/a Huawei Device Co., Ltd.), Huawei Device USA, Inc. §§§§§§§§§ | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos" or "Plaintiff"), by and through its attorneys, files this Complaint for Patent Infringement against Defendants Huawei Investment & Holding Co., Ltd., Huawei Technologies Co., Ltd., Huawei Technologies USA Inc., Huawei Device Co. Ltd. (f/k/a Huawei Device (Dongguan) Co.), Huawei Device (Shenzhen) Co., Ltd. (f/k/a Huawei Device Co., Ltd.), and Huawei Device USA, Inc. (collectively "Huawei" or "Defendants") and alleges:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, et seq., including §§ 271, 281, 284, and 285.

1

**THE PARTIES**

2. Brazos is a limited liability corporation organized and existing under the laws of Delaware, with its principal place of business at 605 Austin Ave, Ste 6, Waco, TX 76701.

3. On information and belief, Defendant Huawei Investment & Holding Co., Ltd. is a Chinese corporation that does business in Texas, directly or through intermediaries, with a principal place of business at Bantian, Longgang District, Shenzhen, 518129, People's Republic of China.

4. On information and belief, Defendant Huawei Technologies Co., Ltd. is a Chinese corporation that does business in Texas, directly or through intermediaries, with a principal place of business at Bantian, Longgang District, Shenzhen 518129, People's Republic of China.

5. Upon information and belief, Defendant Huawei Technologies USA Inc. is a corporation organized and existing under the laws of Texas that maintains an established place of business at 2391 NE Interstate 410 Loop, San Antonio, TX 78217. Huawei Technologies USA, Inc. is authorized to do business in Texas and may be served via its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

6. Upon information and belief, Defendant Huawei Device Co. Ltd. (formerly known as Huawei Device (Dongguan) Co.) is a Chinese corporation that does business in Texas, directly or through intermediaries, and maintains a principal place of business in No.2 of Xincheng Road, Songshan Lake Zone, Dongguan, Guangdong 523808, People's Republic of China.

7. Upon information and belief, Huawei Device (Shenzhen) Co., Ltd. (formerly known as Huawei Device Co., Ltd.) is a wholly-owned subsidiary of Defendant Huawei

2

Device Co. Ltd. is a Chinese corporation that does business in Texas, directly or through intermediaries, and maintains a principal place of business in Bantian, Longgang District, Shenzhen 518129, People's Republic of China.

8. On information and belief, Defendant Huawei Device USA, Inc., is a Texas corporation with a principal place of business located at 5700 Tennyson Parkway, Suite 600, Plano, Texas 75024. Huawei Device USA, Inc. is authorized to do business in Texas and may be served via its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

9. All of the Defendants operate under and identify with the trade name "Huawei." Each of the Defendants may be referred to individually as a "Huawei Defendant" and, collectively, Defendants may be referred to below as "Huawei" or as the "Huawei Defendants." Upon information and belief, Defendant Huawei Investment & Holding Co., Ltd. provides consolidated financial reporting for Huawei entities, including all Huawei Defendants.

## JURISDICTION AND VENUE

10. This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§271, 281, 284, and 285.

11. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

12. This Court has specific and general personal jurisdiction over each Huawei Defendant pursuant to due process and/or the Texas Long Arm Statute, because each Huawei Defendant has committed acts giving rise to this action within Texas and within this judicial district. The Court's exercise of jurisdiction over each Huawei Defendant would not offend traditional notions of fair play and substantial justice because Huawei has established

3

minimum contacts with the forum. For example, on information and belief, Huawei Defendants have committed acts of infringement in this judicial district, by among other things, selling and offering for sale products that infringe the asserted patent, directly or through intermediaries, as alleged herein.

13.    Venue in the Western District of Texas is proper pursuant to 28 U.S.C. §§1391(b), (c)(3), and 1400(b) because Huawei Technologies USA Inc. and Huawei Device USA Inc. have committed acts of infringement in this judicial district and have a regular and established places of business in this judicial district and in Texas. As non-limiting examples, on information and belief, Huawei Technologies USA Inc. and Huawei Device USA Inc. have sold or offered to sell the Accused Products in this judicial district and have employees or agents that operate Huawei equipment in this judicial district, including at 189 CR 265, Georgetown, TX 78626, 1150 S Bell Blvd, Cedar Park, TX 78613, 1399 S A W Grimes Blvd, Round Rock, TX 78664, 12335 IH 35, Jarrell, TX 76537, 1050 Rabbit Hill Rd, Unit #E, Georgetown, TX 78626, 1602 A W Grimes Blvd, Round Rock, TX 78664, 4120 IH 35 N, Georgetown, TX 78626, 900 CR 272, Leander, TX 78641, 1950 Crystal Falls Pkwy, Leander, TX 78641, 1101 N Industrial Blvd, Round Rock, TX 78681, 506 McNeil Rd, Round Rock, TX 78681, 3210 Chisholm Trail Rd, Round Rock, TX 78681, 112 Roundville Ln, Round Rock, TX 78664, 202 Central Dr W, Georgetown, TX 78628, 3595 E Hwy 29, Georgetown, TX 78626, 1402 W Welch St, Taylor, TX 76574, 3801 Oak Ridge Dr, Round Rock, TX 78681, 1957 Red Bud Ln #B, Round Rock, TX 78664, 6603 S Lakewood Dr, Georgetown, TX 78633, 500 W Front, Hutto, TX 78634.

## COUNT ONE - INFRINGEMENT OF U.S. PATENT NO. 7,095,713

14.    Brazos re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

4

15. On August 22, 2006, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,095,713 ("the '713 Patent"), entitled "Network fabric access device with multiple system side interfaces." A true and correct copy of the '713 Patent is attached as Exhibit A to this Complaint.

16. Brazos is the owner of all rights, title, and interest in and to the '713 Patent, including the right to assert all causes of action arising under the '713 Patent and the right to any remedies for the infringement of the '713 Patent.

17. Huawei makes, uses, sells, offers for sale, imports, and/or distributes in the United States, including within this judicial district, products such as, but not limited to, Huawei switches with a switch fabric access device (collectively, the "Accused Products").

18. The Accused Products include, but are not limited to, Huawei S9300 series (e.g., S9303, S9306, and S9312) switches.

19. The Accused Products provide redundancy and connect to create a fabric access system. A Provider Edge device PE1 acts as the first fabric access device with a first system interface (i.e., interface between PE1-CE1). Through this interface, the PE1 receives or sends data to CE1 (i.e., an external system).

20. The PE1 has a second system interface (i.e., between PE1-PE2) that helps to make a connection with the second fabric access device PE2. The provider edge PE3 acts as a switch fabric. A first fabric interface from PE1-PE3 (here, PW1) is configured to receive data from and send data to a PE3 (i.e., switch fabric).



https://support.huawei.com/enterprise/us/doc/EDOC1000142068/426cffd9/about-this-document.

21. The PE2 (i.e., a second fabric access device) can connect to PE1 (i.e., a first fabric access device). A third system interface (i.e., interface between PE2-CE1) is configured to receive data from and send data to CE1. (i.e., an external system).

22. The PE2 can receive or send data to CE2 through the third interface. PE2 can make a connection with PE1 by utilizing its fourth interface (i.e., interface between PE2 and PE1). The fourth interface of PE2 connects to the second interface of PE1 to complete the connection between the said Provider Edge device. PE2 can receive data from and send data to PE3 (i.e., a switch fabric) through the second fabric interface (i.e., interface between PE2-PE3).



https://support.huawei.com/enterprise/us/doc/EDOC1000142068/426cffd9/about-this-document.

23. A PE is generally connected to multiple CEs based on the size of the network/enterprise.



https://support.huawei.com/enterprise/us/doc/EDOC1000142068/426cffd9/about-this-document

7

24. The Accused Products in VPLS mode provide PW redundancy to the network. If any of the links or nodes fail, the route is automatically switched to provide the failover mechanism.

25. PW redundancy defines primary/secondary PWs and active/inactive PWs, where Primary and secondary are used to describe PW forwarding priorities. A PE preferentially selects the primary PW when both the primary and secondary PWs are in an Active state. Therefore, when a failure occurs on an active PW, the data route automatically through secondary PW

> PW redundancy defines primary/secondary PWs and active/inactive PWs.
> - Primary and secondary are used to describe PW forwarding priorities and configurable.

> A PE preferentially selects the primary PW when both the primary and secondary PWs are in Active state. Currently, only one secondary PW can be configured for a primary PW, though a bypass PW is also a secondary PW.

https://support.huawei.com/enterprise/us/doc/EDOC1000142068/426cffd9/about-this-document.

26. Each PW requires an AC interface, which is a physical or logical interface.

> The PE needs to manage all L2VPN information, which occupies many resources.
> As the ASBR works as the PE in an AS, each PW requires an AC interface, which can be a sub-interface, physical interface, or bundled logical interface.

https://support.huawei.com/enterprise/us/doc/EDOC1000142068/426cffd9/about-this-document.

27. A logical interface is associated with a logical port.

```
#
interface GigabitEthernet1/0/0
 port link-type trunk
 port trunk allow-pass vlan 50
#
interface GigabitEthernet2/0/0
 port link-type trunk
 port trunk allow-pass vlan 60
```

https://support.huawei.com/enterprise/us/doc/EDOC1000142068/426cffd9/about-this-document

28.     A second system interface between PE1-PE2 and the fourth system interface between PE2-PE1 forms a failover/backup interface.

29.     If the second fabric interface (i.e., PW2 or the interface between PE2-PE3) becomes unavailable, there can be disruption in providing data from/to CE2. In this case, a path can be switched to CE2-PE3-PE1-PE2-CE1. i.e., the switch fabric device (i.e., PE3) automatically routes data, having a destination address associated with the logical port (as PW is an AC interface, which is a logical interface) associated with second fabric access device on third system interface (i.e., interface between CE2-PE3-PE1-PE2-CE1) to the first fabric access device (i.e., PE1).

30.     The first fabric access device (i.e., PE1) then further routes the data to the second fabric access device (i.e., PE2) using the second system interface (here, Bypass PW).



https://support.huawei.com/enterprise/us/doc/EDOC1000142068/426cffd9/about-this-document

31. In view of preceding paragraphs, each and every element of at least claim 5 of the '713 Patent is found in the Accused Products.

32. Huawei has and continues to directly infringe at least one claim of the '713 Patent, literally or under the doctrine of equivalents, by making, using, selling, offering for sale, importing, and/or distributing the Accused Products in the United States, including within this judicial district, without the authority of Brazos.

33. Huawei has received notice and actual or constructive knowledge of the '713 Patent since at least the date of service of this Complaint.

34. Since at least the date of service of this Complaint, through its actions, Huawei has actively induced product makers, distributors, retailers, and/or end users of the Accused Products to infringe the '713 Patent throughout the United States, including within this judicial district, by, among other things, advertising and promoting the use of the Accused Products in various websites, including providing and disseminating product descriptions, operating manuals, and other instructions on how to implement and configure the Accused

Products. Examples of such advertising, promoting, and/or instructing include the documents at:

- https://support.huawei.com/enterprise/us/category/switches-pid-1482605678974?submodel=16531
- https://www.scribd.com/document/337684477/Huawei-S9300-Switch-Product
- https://support.huawei.com/enterprise/us/doc/EDOC1000142068/426cffd9/about-this-document
- https://support.huawei.com/enterprise/us/doc/EDOC0100523108

35. Since at least the date of service of this Complaint, through its actions, Huawei has contributed to the infringement of the '713 Patent by having others sell, offer for sale, or use the Accused Products throughout the United States, including within this judicial district, with knowledge that the Accused Products infringe the '713 Patent. The Accused Products are especially made or adapted for infringing the '713 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Accused Products contain functionality which is material to at least one claim of the '713 Patent.

## JURY DEMAND

Brazos hereby demands a jury on all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE, Brazos respectfully requests that the Court:

(A) Enter judgment that Huawei infringes one or more claims of the '713 Patent literally and/or under the doctrine of equivalents;

(B) Enter judgment that Huawei has induced infringement and continues to induce infringement of one or more claims of the '713 Patent;

(C) Enter judgment that Huawei has contributed to and continues to contribute to the infringement of one or more claims of the '713 Patent;

(D)     Award Brazos damages, to be paid by Huawei in an amount adequate to compensate Brazos for such damages, together with pre-judgment and post-judgment interest for the infringement by Huawei of the '713 Patent through the date such judgment is entered in accordance with 35 U.S.C. §284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. §284;

(E)     Declare this case exceptional pursuant to 35 U.S.C. §285; and

(F)     Award Brazos its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

Dated: March 16, 2020                           Respectfully submitted,

*/s/ James L. Etheridge*

James L. Etheridge
Texas State Bar No. 24059147
Ryan S. Loveless
Texas State Bar No. 24036997
Travis L. Richins
Texas State Bar No. 24061296
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Travis@EtheridgeLaw.com

***COUNSEL FOR PLAINTIFF***